# EXHIBIT B

```
 1  Christopher R. LeClerc, Esq. (SB# 233479)
    LE CLERC & LE CLERC LLP
 2  155 Montgomery Street, Suite 1004
    San Francisco, CA 94104
 3  Telephone: (415) 445-0900
    Fax: (415) 445-9977
 4  Email: chris@leclerclaw.com
 5  Attorneys for Plaintiff
    CESAR HERNANDEZ LOPEZ
 6
```

FILED
JUL 29 2021
K. BIEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____ K. Vaquerano, Deputy Clerk

PER LOCAL RULE, THIS CASE IS ASSIGNED TO DEPT 21, FOR ALL PURPOSES.

IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA

[UNLIMITED JURISDICTION]

SUMMONS ISSUED

| | |
|---|---|
| CESAR HERNANDEZ LOPEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE INC.; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. C21-01631<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF FOR:**<br>1. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>2. **DISABILITY DISCRIMINATION;**<br>3. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS;**<br>4. **FAILURE TO ENGAGE IN THE GOOD FAITH INTERACTIVE PROCESS;**<br>5. **RETALIATION;**<br>6. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION; AND**<br>7. **FAILURE TO PAY ALL WAGES OWING AT THE TIME OF SEPARATION.**<br><br>**JURY TRIAL DEMAND**<br><br>BY FAX<br>FIRST LEGAL<br>200 WEBSTER ST STE 201 |

COMPLAINT
Lopez v. United Parcel Service Inc., et al. (Contra Costa Co. Sup. Crt., Case No. _____)

Plaintiff alleges as follows:

## *PARTIES*

### *PLAINTIFF*

1. Plaintiff CESAR HERNANDEZ LOPEZ ("Plaintiff" or "HERNANDEZ") is an adult male. Until his unlawful termination described *infra*, Plaintiff was employed by Defendant UNITED PARCEL SERVICE INC. At all times herein, Plaintiff adequately discharged his job duties and responsibilities and was, at a minimum, a satisfactory employee.

### *DEFENDANTS*

2. Defendant UNITED PARCEL SERVICE INC. (hereinafter "UPS") is a private worldwide shipping company. Defendant conducts and does business throughout the state of California, including Contra Costa County.

3. The true names and capacities of defendants sued in the Complaint under the fictitious name of DOES 1 through 50, inclusive, are unknown to plaintiff who therefore sues defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by such unlawful conduct.

4. Hereinafter, UPS and DOES 1 through 50 are collectively referred to as "Defendants."

5. Whenever reference is made in this complaint to any act of any corporate or other business entity defendant, such allegations shall mean that such defendant did the acts alleged in the complaint through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority. Additionally, whenever reference is made to any act of any natural person employed by any corporate or other business entity Defendant, such allegations shall mean that such person did the acts alleged in the complaint while acting within the scope of their actual or ostensible authority.

6. Plaintiff is informed and believes and thereon alleges that at all relevant times, each Defendant, and each of its agents, acted as an agent, representative, employer and/or

- 1 -
COMPLAINT
Lopez v. United Parcel Service Inc., et al. (Contra Costa Co. Sup. Crt., Case No. _____)

employee of each of the other defendants and acted within the course and scope of said agency or representation or employment with respect to the causes of action in this complaint.

### *JURISDICTION & VENUE*

7. Plaintiff brings this action pursuant to and under the California Government Code, the California Labor Code and related regulations, and other common and statutory laws.

8. Venue is proper in this Court because Defendant employed Plaintiff in Contra Costa County, records relevant to the unlawful practice are maintained and administered in Contra Costa County, and discriminatory and retaliatory acts were committed in whole or in part in Contra Costa County, California.

9. The amount in controversy exceeds the minimum jurisdictional threshold of this Court.

### *EXHAUSTION OF ADMINISTRATIVE REMEDIES*

10. Plaintiff has discharged all necessary administrative remedies and this matter is ripe for adjudication before this Court. (*See, e.g., Ex. A.*)

### *GENERAL FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION*

11. Plaintiff commenced working as an employee of Defendant UPS in November 2020.

12. On December 1, 2020, Plaintiff sustained a concussion, sprained back, a bleeding tailbone, and other injuries, and was hospitalized for these physical disabilities.

13. At all relevant times, Plaintiff's supervisors knew of his disabled status because he informed them of his condition shortly after sustaining the injuries.

14. Plaintiff's supervisors doubted his injuries and attempted to dissuade Plaintiff from seeking medical care. Plaintiff was admitted to the hospital for the night of December 1st. On the morning of December 2nd, Plaintiff called his supervisors and requested a reasonable accommodation in the form of a day off work. On December 3rd, Plaintiff arrived at his UPS depot with paperwork from the hospital to provide his supervisors demonstrating that he had been hospitalized and indicating that Plaintiff needed further accommodations, including, without limitation, additional time off work.

15. Under the circumstances, time off work was a reasonable accommodation.

- 2 -
COMPLAINT
Lopez v. United Parcel Service Inc., et al. (Contra Costa Co. Sup. Crt., Case No. _____)

Exhibit B, page 006

16. Rather than provide the time off work as a reasonable accommodation, UPS management terminated Plaintiff's employment stating he had missed too many days of work. The only days Plaintiff had missed from work were due to his physical disabilities, and Defendants had knowledge of this fact at the time that he was terminated.

17. Plaintiff requested his final paycheck. Defendant declined to provide Plaintiff his final paycheck and failed to pay him in accordance with *Labor Code section 201* at the time of his termination. Instead, Defendant issued Plaintiff's final paycheck on December 29, 2020, and sent it to him via regular the mail. Plaintiff is entitled, therefore, to ongoing wages pursuant to *Labor Code section 203*.

### *FIRST CAUSE OF ACTION*
Wrongful Termination in Violation of Public Policy
[Against All Defendants]

18. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

19. Plaintiff was an employee of Defendant UPS. Plaintiff was discharged by UPS.

20. California has fundamental, substantial, and well-established public policies against discrimination and retaliation in the workplace.

21. Plaintiff is informed and believes and thereon alleges that Defendants' discharge of Plaintiff was tortuous in that it acted with unlawful motive in terminating Plaintiff's employment, in violation of the public policies identified herein.

22. Defendants' unlawful discharge of Plaintiff has caused him economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

23. Each act alleged herein was performed, condoned, acquiesced in, or ratified by an officer direct or managing agent of Defendant. The acts done herein were done maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for

- 3 -
COMPLAINT
Lopez v. United Parcel Service Inc., et al. (Contra Costa Co. Sup. Crt., Case No. _____)

1  Plaintiff's rights and thus an award of exemplary and punitive damages is justified.

2  Plaintiff is therefore entitled to recover and herein prays for punitive damages.

3  WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth
4  below.

### SECOND CAUSE OF ACTION
Disability Discrimination in Violation of the FEHA
[Against All Defendants]

24. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

25. The FEHA makes it an unlawful employment practice to discriminate against a person based on his physical disability.

26. Plaintiff's disability was a substantial motivating reason for his termination.

27. Defendants' discriminatory conduct caused Plaintiff economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

28. Each act alleged herein was performed, condoned, acquiesced in, or ratified by an officer direct or managing agent of Defendant. The acts done herein were done maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified.

Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### THIRD CAUSE OF ACTION
Failure to Provide Reasonable Accommodations in violation of the FEHA
[Against All Defendants]

29. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

- 4 -
COMPLAINT
Lopez v. United Parcel Service Inc., et al. (Contra Costa Co. Sup. Crt., Case No. _____)

30. The California Fair Employment and Housing Act requires an employer to provide reasonable accommodations for conditions related to an employee's physical disabilities.

31. Plaintiff was an employee of Defendant UPS.

32. UPS was aware of and regarded Plaintiff as having a physical disability within the meaning of the FEHA.

33. Plaintiff requested reasonable accommodations including without limitation time off work to rest and recuperate from his injuries.

34. Defendant UPS failed to provide reasonable accommodations, denied reasonable accommodations, and terminated Plaintiff instead.

35. Defendants' failure to provide reasonable accommodations caused Plaintiff economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

36. Each act alleged herein was performed, condoned, acquiesced in, or ratified by an officer direct or managing agent of Defendant. The acts done herein were done maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### *FOURTH CAUSE OF ACTION*
*Failure to Engage in the Good Faith Interactive Process in Violation of the FEHA*
[Against All Defendants]

37. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

38. Plaintiff notified Defendant UPS of his disability and his need for reasonable accommodation.

- 5 -
COMPLAINT
Lopez v. United Parcel Service Inc., et al. (Contra Costa Co. Sup. Crt., Case No. _____)

39. Plaintiff was willing to, and did, participate in good faith in an interactive process to determine whether reasonable accommodation was necessary and/or could be made.

40. Defendant UPS was unwilling to engage in the good faith interactive process to determine whether reasonable accommodation could be made, and discharged Plaintiff instead.

41. Defendants' failure to engage in the interactive process caused Plaintiff economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

42. Each act alleged herein was performed, condoned, acquiesced in, or ratified by an officer direct or managing agent of Defendant. The acts done herein were done maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### FIFTH CAUSE OF ACTION
Retaliation in Violation of the FEHA
[Against All Defendants]

43. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

44. The FEHA makes it unlawful to retaliate against an employee for opposing and reporting behavior that violates the FEHA, and for requesting reasonable accommodation.

45. Plaintiff reported and opposed conduct that he reasonably and in good faith believed violated the FEHA and requested reasonable accommodation.

46. Defendants retaliated against Plaintiff by, among other things, terminating his employment.

- 6 -
COMPLAINT
Lopez v. United Parcel Service Inc., et al. (Contra Costa Co. Sup. Crt., Case No. _____)

47. Defendants' retaliatory treatment of Plaintiff caused him economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

48. Each act alleged herein was performed, condoned, acquiesced in, or ratified by an officer, direct or managing agent of Defendant. The acts done herein were done maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### SIXTH CAUSE OF ACTION
Failure to take Reasonable Steps to Prevent Discrimination and Retaliation from Occurring in Violation of the FEHA
[Against All Defendants]

49. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

50. Plaintiff was subjected to discrimination and retaliation in violation of the FEHA while employed by Defendant UPS.

51. Defendants failed to take reasonable steps to prevent the discrimination and retaliation from occurring.

52. Defendants' failure to prevent discrimination and retaliation from occurring has caused Plaintiff economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

53. Each act alleged herein was performed, condoned, acquiesced in, or ratified by an officer

- 7 -
COMPLAINT
Lopez v. United Parcel Service Inc., et al. (Contra Costa Co. Sup. Crt., Case No. _____)

Exhibit B, page 011

direct or managing agent of Defendant. The acts done herein were done maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### *SEVENTH CAUSE OF ACTION*
Failure to Pay All Wages Owing at the Time of Separation
[Against All Defendants]

54. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

55. California Labor Code Section 201 states that all wages owed are due and payable immediately upon an employee's termination. California Labor Code Section 203 provides that, in the event an employee is not paid all wages owing at the time of termination, the employee continues to accrue wages upon a daily basis until fully paid.

56. Plaintiff was not paid all wages owing at the time of his termination, and therefore, he is entitled to continuing wages under Section 203.

WHEREFORE, Plaintiff prays for judgment as more fully set forth below.

### *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff makes the following demand:

a) That process be issued and served as provided by law, requiring Defendants, and each of them, to appear and answer or face judgment;

b) For general, special, actual, compensatory and/or nominal damages, as against Defendants, and each of them, in an amount to be determined at trial;

c) For front and back pay and other benefits Plaintiff would have been afforded but-for Defendants', and each of their, unlawful conduct;

d) For punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants, and each of them, from further engaging in the conduct

- 8 -
COMPLAINT
Lopez v. United Parcel Service Inc., et al. (Contra Costa Co. Sup. Crt., Case No. _____)

described herein, and to deter others from engaging in the same or similar acts;

e) For all penalties provided for by law;

f) For a declaration that Defendant engaged in the unlawful conduct alleged herein;

g) For an injunction, prohibiting Defendant from engaging in the conduct alleged herein in the future;

h) For costs and expenses of this litigation;

i) For reasonable attorneys' fees where appropriate;

j) For pre and post-judgment interest on all damages and other relief awarded herein from all entities against whom such relief may be properly awarded; and,

k) For all such other relief as this Court deems just and appropriate.

Dated: July 29, 2021                          **Le Clerc & Le Clerc LLP**

By: _____
Christopher R. LeClerc, ESQ.
Attorney for Plaintiff
CESAR HERNANDEZ

**PLAINTIFFS DEMAND A TRIAL BY JURY**

Dated: July 29, 2021                          **Le Clerc & Le Clerc LLP**

By: _____
Christopher R. LeClerc, ESQ.
Attorney for Plaintiff
CESAR HERNANDEZ

- 9 -
COMPLAINT
Lopez v. United Parcel Service Inc., et al. (Contra Costa Co. Sup. Crt., Case No. _____)

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                         GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                         KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

July 28, 2021

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202107-14306628
Right to Sue: Hernandez Lopez / United Parcel Service, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5-19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency         GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**         KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

July 28, 2021

Cesar Hernandez Lopez
2910 Flannery Road
San Pablo, California 94806

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202107-14306628
Right to Sue: Hernandez Lopez / United Parcel Service, Inc.

Dear Cesar Hernandez Lopez:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective July 28, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency　　　　　　　　GAVIN NEWSOM, GOVERNOR
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**　　KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Cesar Hernandez Lopez                                    DFEH No. 202107-14306628

                          Complainant,
vs.

United Parcel Service, Inc.
55 Glenlake Parkway NE
Atlanta, Georgia 30328

                          Respondents

---

1. Respondent **United Parcel Service, Inc.** is an **employer United Parcel Service, Inc.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Cesar Hernandez Lopez**, resides in the City of **San Pablo**, State of **California.**

3. Complainant alleges that on or about **December 3, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation and as a result was terminated, denied reasonable accommodation for a disability.

**Additional Complaint Details:** Complainant suffered an injury on or about December 1, 2020. He went to the hospital and was admitted. He called Respondent to inform them that he could not work on December 2, 2020 due to his physical disability. On or about December 3, 2020, Complainant went to his worksite and provided them with a note from his physician indicating that due to his physical disability he was unable to work for a period.

-1-
*Complaint – DFEH No. 202107-14306628*

Date Filed: July 28, 2021

1  This constituted a request for accommodation. In response, Respondent terminated his employment citing attendance as the reason. This was the only time that Plaintiff had taken
2  off work.

-2-
Complaint – DFEH No. 202107-14306628

Date Filed: July 28, 2021

VERIFICATION

I, **Cesar Hernandez Lopez**, am the **Complainant** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On July 28, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                                        **San Pablo, California**

-3-
Complaint – DFEH No. 202107-14306628

Date Filed: July 28, 2021